**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA                    CRIMINAL NO. 17-260


    v

                                     JUDGE: Billy Roy Wilson

DERON HOWELL



**SENTENCING MEMORANDUM**

       AND NOW comes, Deron Howell, by and through his attorney, Steven C.

Townsend, Esquire, and files this Sentencing Memorandum.  The Defendant further

moves this Court to depart and vary below the applicable guideline range to be

established at sentencing pursuant to 18 U.S.C. § 3553 and in support thereof avers the

following:

**I. Introduction**

       On September 26, 2017, Mr. Howell was indicted in a 5 Count Indictment along

with codefendant, Kahlil Shelton, with violations of drug, robbery and firearm laws.  On

February 20, 2018, Mr. Howell was charged by a Superseding Indictment on a 10 Count

Superseding Indictment, which included an additional defendant, Octavio Marinello.

       On May 21, 2018, the defendant was found guilty by jury trial to eight counts of a

ten count Superseding Indictment.

       The Defendant respectfully requests that the Court impose a sentence of 1 day

on Counts 1, 2, 3, 4, 8, and 9, and 300 months on Count 5, and 60 months on Count 10.

Defendant moves for this variance in light of the consecutive mandatory sentences of

60 months and 300 months for the § 924(c) convictions[1].  Mr. Howell will be 56 years of age at the completion of his sentence.  The Defendant's proper guideline calculation is as follows:

> Base Offense Level/Total Offense Level: 26
>
> Criminal History Category: II
>
> Guideline Range: 70-87 months

## II. Objection to Presentence Investigation Report

Defendant incorporates the objections filed to the Final Presentence Investigation Report filed at Document No. 158.

## III. 18 U.S.C. § 3553 Factors

A tradition in Federal judicial practice is that a sentencing court considers every convicted person as an individual and every case a unique study in human failings that sometimes mitigate or magnify the crime and punishment to ensue. *Gall v. U.S.*, 128 S.Ct. 568 (2007) [citing] *Rita v. U.S.*, 127 S.Ct. 2456, 2469 (2007). In a recent case, the D.C. Circuit reasoned that the substantial mental and personal stress suffered by the defendant as a result of his prosecution is a factor directly relevant to a Section 3553(a) analysis. *U.S. v. Gardellini*, 545 F.3d 1089 (D.C. Cir. 2008). Beyond the actual deprivation of liberty when incarcerated, a host of other penalties and burdens attend a criminal conviction. Among these are loss of family life, of socio-economic status, of employment and career opportunities, reduction of civil rights and countess humiliations

---

[1] In Dean v. United States, the United States Supreme Court held, "[n]othing prevents the sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." Dean v. United States, 137 S. Ct. 1170, 1178, 197 L. Ed. 2d 490 (2017).

and indignities commonly associated with living in confinement. U.S. v. Mateo, 299 F.Supp2d 201 (S.D.NY 2004).

It has been several years since the Supreme Court released the district courts from the mandatory Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005). In the wake of *Booker*, it is essential that district courts make an "individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). The Supreme Court further emphasized that the District Court "is in a superior position to find facts and judge their import under §3553(a) in the individual case…This means that "[t]he sentencing judge has access to, and greater familiarity with the individual case and the individual defendant before him than the [Sentencing] Commission or the appeals court." Id., quoting *Rita v. United States*, 551 U.S. 338, 357-58 (2007). After *United States v. Booker* invalidated the mandatory use of the Sentencing Guidelines and declared them "effectively advisory," the district court has been tasked with imposing "„a sentence sufficient, but not greater than necessary to comply with the purposes" of § 3553(a)(2)." *United States v. Foreman*, 436 F.3d 638, 644 n. 1 (6th Cir. 2006).

The United States Supreme Court has set forth a principled framework to guide federal sentencing. Citing *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 169 L.Ed.2d 203 (2007), the *Gall* Court explained that a sentencing court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range". 128 S.Ct. at 596. See also *Kimbrough v. United States* (2007). In *Gall* noting that the sentencing guidelines should only be the "starting point" and the "initial benchmark" of a

sentencing proceeding, the Court noted that the Guidelines are not the only consideration. *Id.*

Next, "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party". 128 S.Ct. at 596. In doing so, however, a sentencing court is not permitted to presume that the Guidelines range is reasonable. 128 S.Ct. at 596-597. The sentencing judge "must make an individualized assessment based on the facts presented" at sentencing. 128 S.Ct. at 597. If the sentencing judge decides that a sentence outside the applicable Guideline range is justified, the sentencing judge "must consider the extent of the deviation and ensure that the justification is sufficie3ntly compelling to support the degree of the variance. Id. Continuing on, the *Gall* Court explained that a sentencing court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. Id.

In *Kimbrough*, the Supreme Court explained that a sentencing court's decision to adopt an offense level outside of the guidelines is permissible when the sentencing judge finds a particular case 'outside the heartland' to which the Commission intends individual Guidelines to apply. *Rita*, 551 U.S. at 2461,128 S.Ct. at 575.

The "heartland" to which the *Kimbrough* Court alluded, is specifically described in the Guidelines:

> [t]he Commission intends the sentencing courts to treat each
> guideline as carving out a "heartland", a set of typical cases

embodying the conduct that each guideline describes. When a

court finds an atypical case, one to which a particular guideline

linguistically applies but where conduct significantly differs from

the norm, the court may consider whether a departure is

warranted....

See *United States Sentencing Guidelines*, Chapter 1, Part A 4(b).

In *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392

(1996), a decision rendered long before *Blakely, Booker, Gall* and their progeny, the

United States Supreme Court affirmed the Sentencing Commission's position with

respect to the "heartland" policy announced in United States Sentencing Guidelines,

Chapter 1, Part A 4(b). Most importantly, the Court, in overruling the Ninth Circuit Court

of Appeals, held that the decision of a District Court to depart from the sentencing

guidelines should be overturned only where the sentencing court abuses its discretion.

*Koon*, 116 S.Ct. at 2043. In fact, the decision of a sentencing court to depart from the

sentencing guidelines shall be given "substantial deference, for it embodies the

traditional exercise of discretion of a sentencing court". Id. at 2046. Such deference is

proper because "District courts have an institutional advantage over appellate courts in

making these sorts of determinations, especially as they see so many more Guidelines

cases than appellate courts do". *Koon*, 116 S.Ct. at 2047.

As recognized by the Supreme Court, the Sentencing Commission's less

than rigid approach exists because "it is difficult to prescribe a single set of guidelines

that encompasses the vast range of human conduct potentially relevant to a sentencing

decision". Id. at 2044; see also U.S.S.G. Chapter 1, Pt. A, intro. comment 4(b).

Moreover, even when circumstances or factors, which are viewed in isolation do not warrant a departure, a sentencing court may still depart when the circumstances or factors, in combination, "prove to be so exceptional as to provide a basis for departure". See Comment to U.S.S.G. §5K2.0. Finally, "[t]he decision as to whether and to what extent departure is warranted rests with the sentencing court on a case-specific basis". *Koon*, 518 U.S. at 98. Despite a sentencing court's mandate to correctly calculate the advisory guideline range, the directives of *Booker* and §3553(a), however, make clear that courts may no longer uncritically apply the guidelines. In fact, as set forth above, a sentence within the advisory guidelines is not presumptively reasonable. Such an approach would be contrary to the holdings *Gall* and the merits majority in *Booker*, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in *Booker*, directing courts to consider all of the §3553(a) factors, many of which the guidelines either reject or ignore.

As set forth above, the Third Circuit has advised that after calculating the appropriate advisory sentencing guideline range, district courts are required to exercise their discretion by considering the relevant §3553(a) factors in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines.

In *Kimbrough*, the Supreme Court, citing *Rita*, acknowledged that a sentencing judge "has 'greater familiarity with. . . the individual case and the individual defendant than the [Sentencing] Commission or the appeals court. 128 S.Ct. at 574. "He [or she] is, therefore, in a superior position to find facts and judge their import under 3553(a) in each particular case." Id. citing *Gall*, 128 S.Ct. at 598.

Justice Scalia explains the role of the sentencing guidelines in the post-Booker era in his dissent from *Booker's* remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has bull discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise, if it thought the Guidelines not only had to be considered (as the amputated statute requires) but had generally to be followed its opinion would surely say so.
>
> *Booker*, 543 U.S. at 305-306 (Scalia, J., dissenting in part).

As set forth above, a sentencing court is not permitted to presume that the Guidelines range is reasonable. *Gall*, 128 S.Ct. at 596- 597. In fact, a sentencing judge may "disregard" the Guidelines. *Rita*, 127 S.Ct. at 2466. This notion now gives a sentencing court the discretion to disagree with and reject policy judgments of the Sentencing Commission and the Guidelines.

After consideration of the relevant factors, a sentencing court can vary (i.e., a "variance") from the advisory guidelines range. In *Gall*, the Court's decision categorically rejected an "appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guideline range". 128 S.Ct. at 595. Rather than requiring extraordinary circumstances to justify a deviation from the guidelines, the Court explained that a district judge must explain his [or her] conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications. Id.

7

According to *Gall*, *Booker* and its related Third Circuit authority, in determining the minimally sufficient sentence, sentencing courts are required to consider the following 18 U.S.C. §3553(a) factors:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) the kinds of sentences available;

4) the kinds of sentence and the sentencing range established for -

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines -

( i) issued by the Sentencing Commission pursuant to Section 994(a)(1) of Title 28, United States Code, subject to any amendments made to such

guidelines by act of Congress (regardless of

whether such amendments have yet to be

incorporated by the Sentencing Commission into

amendments issued under Section 994(p) of Title 28);

5) any pertinent policy statement -

(A) issued by the Sentencing Commission pursuant to

Section 994(a)(2) of Title 28, United States Code,

subject to any amendments made to such policy

statement by act of Congress (regardless of whether

such amendments have yet to be incorporated by the

Sentencing Commission into amendments issued

under Section 994(p) of Title 28); and

(B) that, except as provided in Section 3742(g), is in effect

on the date the defendant is sentenced.

6) the need to avoid unwarranted sentence disparities among

defendants with similar records who have been found guilty of

similar conduct; and

7) the need to provide restitution to any victims of the offense.


The primary directive in Section 3553(a) is for sentencing courts to "impose a

sentence sufficient, but not greater than necessary, to comply with the purposes set

forth in paragraph 2", as set forth above. This directive, commonly called "sentencing

parsimony" is defined as the least restrictive sentence necessary to achieve the

purposes of sentencing. See also *Kimbrough*, 128 S.Ct. at 575-576 (a district court's judgment that a particular defendant's sentence was sufficient but not greater than necessary is entitled to great weight, even if the district court's judgment is based in part of its disagreement with the policies behind an applicable guideline). Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the §3553(a) factors, the judge is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. §3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). As a practical matter, this statutory language trumps the now-advisory policy statements in Part H of the sentencing guidelines, which list is "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth and virtually any other facts that fit within the ambit of §3553(a). See U.S.S.G. §5H1. In sum, a sentencing court now has wide discretion in fact-finding as well as in considering such facts in the *Gall* analysis.

## A.  History and Characteristics of the Defendant

Mr. Howell incorporates herein, Part C. Offender Characteristics of the Presentence Investigation Report.

Here, the unique complexities of the Defendant's life leading up to this offense, when viewed in light of the § 3553(a) factors, strongly favor a below guideline sentence. The following personal and offense characteristics warrant a downward variant sentence: (1) the Defendant's difficult childhood; (2) Defendant's mental health history of Attention Deficit Hyperactive Disorder (3) the lack of serious criminal history and need for deterrence.  The Defendant is an exceptional father to his five-year-old child. Even though the Defendant and his child's mother are no longer together, his number one priority is to make sure the child is always taken care of.

The Defendant's conduct which brings him before the Court directly stems from his tough childhood and lack of guidance as a youth. *United States v. Patzer*, 548 F. Supp. 2d 612 (N.D. Ill. 2008) (downward variance of approximately 100 months granted based on the defendant's mental health diagnoses, difficult childhood, and self-medication with drugs); *Rita*, 551 U.S. at 364, (expressly noting "lack of guidance as a youth," and "medical condition (including drug or alcohol addiction)" as § 3553(a) factors not accounted for under the guidelines).

**B.  Nature and Circumstances of the Offense: 18 U.S.C. § 3553(a)(1)**

Defendant does not wish to rehash the testimony that this Honorable Court listened to carefully during trial.  However, Mr. Howell does recognized the seriousness of the offense and his abhorrent behavior.

**C.  Lack of Serious Criminal History & Need for Deterrence: 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)**

As stated in the Presentence Investigation Report, the Defendant is a Criminal History Category II based on two low level ungraded misdemeanor Driving Under the

Influence convictions.  The Sentencing Commission designed criminal history categories to promote a sense of uniformity among similarly situated defendants. § 4A1.1, background. As applied to the Defendant, any sense of uniformity promoted by the guidelines' criminal history categories is minimal. The Defendant could have been previously convicted of murder and attained a criminal history category II. § 4A1.1 (a). Yet, the Defendant is a criminal history category II as a result of two minor, misdemeanor offenses.  The Defendant's criminal history category II overstates the seriousness of his criminal history in comparison to other similarly situated defendants.

The fact that the Defendant has never previously been imprisoned for a significant period of time greatly reduces the need for lengthy sentence in order to deter him from re-offending. Courts hold that, generally, a lesser prison term is sufficient to deter one who has not been subject to prior incarceration. *United States v. Baker*, 445 F.3d. 987, 992 (7th Cir. 2006).

Again, Mr. Howell will be 56 years of age at the completion of his sentence. Recidivism is extremely low as a person ages and has very minimal criminal history.

## IV.  The Court Should Consider Dean v. United States in Sentencing

Mr. Howell's request for a total sentence of 360 months is reasonable pursuant to *Dean v. United States*, 137 S.Ct. at 1170. Mr. Dean was convicted of conspiracy to commit robbery, two counts of robbery, one count of possessing a firearm by felon, and two counts of possessing a firearm in furtherance of a crime of violence under § 924(c). Dean, 137 S.Ct. at 1174. The District Court held that 30 years plus one day was "more than sufficient for a sentence." *Id.* However, the District Court believed it could not

consider the mandatory minimum sentence of 30 years and ultimately sentenced Dean to 400 months. *Id*.

The United States Supreme Court reversed the lower court's decision. Specifically, the Court held "nothing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." *Id*. at 1176-7. "Whether the sentence for the predicate offense is one day or one decade, a district court does not violate the terms of § 924(c) so long as it imposes the mandatory minimum 'in addition to' the sentence for the violent or drug trafficking crime." *Id*. at 1177.

Instantly, the Defendant respectfully requests that the Court consider the ruling in *Dean* when imposing a sentence. The Defendant was convicted of 2 Counts under § 924(c). Therefore, without considering the other convictions, the Mr. Howell will automatically receive a mandatory 360 months in prison. When calculating "a just sentence for the predicate count," the Court may consider this mandatory minimum sentence, as the lower court in *Dean* originally wanted to do. *Dean*, 137 S.Ct. at 1174. Similar to *Dean*, the Defendant here has no significant criminal history of any violence. *Id*.

The Defendant's request for 360 months is more than sufficient as a sentence. *Dean*, 137 S.Ct. at 1174.

## V.  Conclusion

For the reasons set forth above, Mr. Howell respectfully requests that the Court vary and depart below the applicable guideline range and impose a sentence of 360

months and 1 day.  This sentence is sufficient but not greater than necessary to fulfill the purposes of sentencing. *Dean*, 137 S.Ct. at 1178.

Respectfully submitted,

s/ Steven C. Townsend, Esq.
Steven C. Townsend, Esquire
PA. I.D. No. 89263
Manor Building Penthouse
564 Forbes Avenue
Pittsburgh, PA 15219
(412) 281-5336
(412) 281-3537 Fax
stownsend@pghlaw.com

Attorney for Defendant,
Deron Howell