IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 2:17-cr-00260-AJS-2 |
| | : | |
| v. | : | |
| | : | |
| DERON HOWELL, | : | |
| | : | HONORABLE SENIOR JUDGE |
| DEFENDANT. | : | ARTHUR J. SCHWAB |

**BRIEF IN SUPPORT OF**
**APPLICATION OF THE FIRST STEP ACT**
**AT RESENTENCING**

AND NOW, comes the Defendant Deron Howell by and through his attorney Michael J. DeRiso who files on his behalf the following Brief in Support of Application of the First Step Act at Resentencing pursuant to this Court's Order filed at ECF 369.

I. **Factual Background/Procedural History.**

On or about September 26, 2017, a ten count Indictment was returned charging Defendant and others with various crimes including, in Mr. Howell's case, violations of 18 U.S.C. § 924(c).[1] Mr. Howell proceeded to trial and was convicted of all ten counts. At the time of Mr. Howells' conviction on 924(c) violations (at Counts 5 and 10), the Court was required by statute to impose such sentences consecutively. Thus, upon conviction, the Court was required to sentence Mr. Howell to a minimum term of imprisonment of 5 years at Count 10 and a consecutive 25 years at Count 5 for an aggregate minimum sentence of 30 years. Mr. Howell was sentenced in October of 2018.[2] After the Court determined a guideline range of 511 to 548 months, Mr. Howell was sentenced to a period of incarceration of 511 months.

---

[1] ECF 1.
[2] ECF 179

After imposition of sentence, Mr. Howell timely filed a direct appeal.[3] The United States Court of Appeals for the Third Circuit found that the District Court erred in the determination of Mr. Howell's applicable Sentencing Guidelines. The Appeals Court affirmed Mr. Howells' convictions however, they vacated his sentence and remanded for re-sentencing. There were no further instructions by the Appeals Court to your Court other than to re-sentence Mr. Howell.

**II.   Issue:**
**Is Section 403(a) of the First Step Act (FSA)**
**Applicable in the Resentencing of Deron Howell?**

**Answer: Yes.**
**Section 403(a) of the First Step Act is**
**Applicable and Should Be Applied in the Resentencing of**
**Deron Howell.**

On December 21, 2018, Congress enacted the First Step Act. *See,* First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Specifically, Section 403 of the FSA amended 924(c)(1)(C) so that the 25-year enhancement applies only "after a prior conviction under this section has become final" *Id*. § 403(a), 132 Stat. at 5221-22. Hence, the 25-year enhancement no longer applies when all of a defendant's 924(c) convictions arise in the same proceeding. At his sentencing on October 3, 2018 Mr. Howell received the 25-year enhancement resulting in a 30-year minimum mandatory.[4]

Notably, every circuit has held that the First Step Act § 403 does not extend to defendants who were sentenced prior to the Act's enactment but had not yet exhausted their direct appeals. *See United States v Cruz-Rivera*, 954 F.3d 954 (1st Cir. 2020); *United States v Eldridge*, 2 F.4th 27 (2nd Cir. 2021); *United States v Jordan*, 952 F. 3d 160 (4th Cir. 2020); *United States v Gomez*, 960 F.3d 173 (5th Cir. 2020); *United States v Richardson*, 948 F.3d 733

---

[3] ECF 181 – docketed at Third Circuit 18-3216.
[4] ECF 179

(6th Cir. 2020); *United States v Pierson*, 925 F.3d 913 (7th Cir. 2019); *United States v Jefferson*, 989 F.3d 1173 (10th Cir. 2021); *United States v De Andre Smith*, 967 F.3d 1196 (11th Cir. 2020).

### III.   Argument/Discussion.

**The First Step Act Should be Applied to Mr. Howells Re-sentencing.**

Section 403 of the First Step Act amended 18 U.S.C. § 924(c)(1)(C) so that the 25-year enhancement applies only "after a prior conviction under this section has become final" *Id*. § 403(a), 132 Stat. at 5221-22. Accordingly, as Defendant's sentence was vacated by the Court of Appeals, Defendant is entitled to application of the First Step Act at re-sentencing.

In *United States v Hodge*, 948 F.3dd 160 (3rd Cor 2020) a case from the Virgin Islands, the Defendant was convicted in 2014 of two 924(c) counts. Hodge was sentenced in 2015 to 420 months imprisonment on the two 924(c) counts plus another 310 months on the other counts. **Hodge's sentence was affirmed on the federal counts (the 924(c) counts) but remanded ONLY for re-sentencing on the territorial charges**. Thus, the only issue before the Appeals court was whether the District Court's post-First Step Act modification of Hodge's territorial sentence allowed him to invoke the reduced 924(c) mandatory minimum. The initial remand was extremely limited in scope and was to address only the re-sentencing on the territorial convictions. Hodge's 924(c) sentence of 420 months was affirmed.

In summary form, Hodge was asking the District Court to retroactively apply the FSA to an imposed, affirmed, and final sentence. The only sentencing matter before the District Court on remand was the resentencing of the Defendant on the territorial charges ONLY. Therefore, on review, the Appellate Court agreed with the District Court that given the limited nature of their remand, the FSA did not apply to his resentencing. *Id* at 161-162. The Hodge Court never

addressed the application of the FSA to a complete remand and resentencing without limited scope.

Howell's case differs significantly from Hodge in that Howell's ENTIRE sentence was vacated and remanded for resentencing purposes.  Two Circuits with analogous situations have decided this matter in favor of applying the FSA to a resentencing situation.  One Circuit has an analogous situation pending.  One Circuit has given inconsistent signals on this matter as noted in the dissent.  One Circuit specifically left open the proposition of the FSA applying to a resentencing.

Both the 4th and 7th Circuits have concluded that this provision of the FSA applies to re-sentencings.  *See United States v Bathea*, 841 Fed Appx. 544 (4th Cir 2021) and *United States v Uriarte* 975 F.3d 596 (7th Cir. 2020).  In *Uriarte,* the Court characterized this issue as a "straightforward situation and an equally straightforward legal issue".  *Uriarte* at 601.  The 9th Circuit is addressing the identical issue in *United States v Voris* at case No. 16-CR-2267-TUC-JGZ.  It is currently pending before the District Court examining this very same issue.

This case was initially reversed and remanded at *United States v Voris*, 964 F.3d 864 (9th Cir 2020) after reversing one of the six 924(c) convictions and remanded.  The Court addressed the inapplicability of the FSA while an appeal was pending.  However, they expressed no view on the question as to whether the FSA might apply on resentencing.  *Id*. at 874 fn. 12.  The case before the 9th Circuit is currently scheduled to proceed to sentencing in 2022.

Notably, Senators Richard J. Durbin, Charles E. Grassley and Cory A. Booker submitted a Brief for Amici Curiae in support of the position that the FSA applies re-sentencings.  In their brief, they detail that it was, in fact, Congress's intent for the First Step Act to apply to this exact situation.  They went on to explain that Congress was careful in their word selection because

they were aware of the legal meanings of the words. They chose the word "imposed" because they knew that if a sentence were vacated, it was legally nullified and the First Step Act would apply to those class of defendants. The Senators cited many United State Supreme Court decisions used to support the fact that it was their intent to have the First Step Act apply situation where a sentence was vacated and the defendant was going to be resentenced. A true and correct copy of the Senators' Brief is attached hereto and marked as Exhibit "A".

In *United States v Eldridge*, 2 F.4th 27 (2nd Cir. 2021) the Court concluded that the FSA did not apply to cases on appeal when the FSA was enacted. However, the Court stated that they "express[ed] no opinion, however, on whether Section 403(a) of the First Step Act applies at a defendant's resentencing following the vacatur of a defendant's original erroneous sentence, where the First Step Act was enacted after the original sentencing but before resentencing." *Id*. at 42, fn 17.

In *United States v Henry*, 983 F.3d 214 (6th Cir. 2020), the 6th Circuit was faced with a similar situation as Hodge in the Third Circuit. Specifically, when Henry appealed his conviction for the second time, an intervening case was decided by the United States Supreme Court that had direct implications in Henry's sentence. While Henry's appeal was pending, *Dean v United* States, 137 S.Ct. 1170 (2017) was decided and it required and allowed the District Court to consider the 924(c) mandatory sentencing scheme as a factor in the defendant's overall sentencing. Based on the Dean decision, they "remand[ed] the case for the **limited purpose** of resentencing him and allowing the district court to consider the mandatory minimum sentences applicable to him." *Henry* at 216. (emphasis added)

Subsequent to the limited remand and the Henry's resentencing, the First Step Act was enacted by Congress. The sole issue before the 6th Circuit was " whether First Step Act § 403

applies to a defendant at re-sentencing following a limited remand." A limited remand constrains the issues the District Court may consider in it resentencing of the defendant. There is a difference between and "limited" remand and a "general" remand. The remand was for a resentencing in light of *Dean*. Interestingly though, the majority took the position that the District Court had the authority to apply the FSA to the 924(c) convictions and correctly chose not to do so. However, the dissent authored by Circuit Judge Julia Smith Gibbons more accurately describes the scope of the remand and the power the District Court had in the resentencing.

> When Henry was last before us, we recognized that *Dean* abrogated *Franklin*. District courts were now "permitted to consider, but not required to consider, the mandatory minimum sentences imposed by § 924(c) when deciding whether to depart from the Guidelines sentence for the predicate crimes." *Henry II*, 722 F. App'x at 500-01. Recognizing that the district court might have considered the length of the sentence mandated by § 924(c)—55 years in this case—when determining the sentence for the bank robbery convictions, we "remand[ed] the case for the limited purpose of resentencing him and allowing the district court to consider the mandatory minimum sentences applicable to him."
>
> The district court properly treated the remand as limited. Although the district court determined that it had jurisdiction to entertain Henry's argument about the First Step Act, the court concluded that since Henry was "not facing plenary resentencing," the First Step Act did not apply "because the court has already imposed a sentence for Defendant's § 924(c) convictions." DE 155, Op. and Order Re: First Step Act, Page ID 2120-22. Rather, "[t]he scope of the Sixth Circuit's remand [was] narrow and left undisturbed Defendant's firearm convictions." *Id.* at 2120. The district court correctly understood that we remanded the case solely to allow the court to decide whether to decrease Henry's sentence for his bank robbery convictions with the benefit of considering the minimum 55-year sentence mandated by § 924(c).

*Id*. at 230.

Judge Gibbson disagrees with the scope of the limited remand and the ultimate decision that the First Step Act does not apply to re-sentencings where the a defendant was convicted and sentenced prior to the FSA and then that conviction was vacated and remanded generally. She went through great pains to spell out the inconsistencies with the majority's opinion and the

various cases decided by them that seem to contradict various definitions and used and applied in the past.  This issue does not seem to be totally resolved within the 6th Circuit.

The legislative history of § 403 further supports Congress's intent to apply § 403 to individuals whose cases were remanded prior to the Act's enactment but who were not yet resentenced at the time of its enactment. Though limited, the available legislative history evinces Congress's intent to ensure that the lengthy mandatory-minimum sentences for **stacked § 924(c) convictions** ended, whether at initial sentencings or re-sentencings. Congress amended the law so that contemporaneous § 924(c) convictions no longer trigger a 25-year mandatory minimum sentence. First Step Act of 2018, § 403(a), Pub. L. No. 115-391, 132 Stat. 5194, 5221-5222 (Dec. 21, 2018).

The cases to which the amendment applies are set forth in § 403(b), which states:

APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed  as of such date of enactment.

More to the point, the remand from the 3rd Circuit was a general remand directing this Court for a full re-sentencing.  Here,  no sentence has been imposed as the original sentence was vacated.  Both the *Uriarte* and *Bethea* courts did a thorough analysis of the First Step Act and how it is worded and its application to a resentencing.  In essence, as noted above, the FSA applies to cases where a sentence "has not been imposed".  Mr. Howell's original sentence of October 3, 2018 was vacated by the Appeals Court and generally remanded such that a sentence cannot legally be said to have to be imposed until this court re-sentences him.

When a sentence is vacated, it is considered to be null and void.  See *Pepper v United States*, 562 U.S. 476, 507 (2011) (noting that vacatur of a sentence "wipe[s] the slate clean");l Cited by *Bethea* at 550-551.  It is clear that Congress "elected not to reopen sentences in place

on the date of enactment." *Uriarte, 975 F.3d at 606*. But, when individuals, like Mr. Howell, have their original sentence nullified by the district court, it is not the FSA that reopens their sentence. Any new sentence imposed after enactment must comply with the FSA's requirements.

### IV.  Conclusion.

Aside from some limited dicta in the *Hodge* opinion, the plain language and legislative intent of the FSA, together with subsequent court opinions and decisions interpreting its provisions, and the referenced *Amici Curiae* brief make it clear that the FSA applies to Mr. Howell's resentencing. Because Howell's pre-FSA sentence is a "legal nullity," and his new sentence will not be "imposed" for purposes of §4039(b) until long after it was enacted, he is entitled to be resentenced under the FSA. . *See United States v. Bethea*, 841 Fed. App'x 544, 550-51 (4th Cir. 2021) (explaining that because defendant's "vacated sentence is a legal nullity, it matters not when that vacatur occurred, because his only legally effective sentence was imposed after the [FSA]'s enactment," and concluding that "[a]ny new sentence imposed after [FSA's] enactment must comply with the [FSA]'s requirements"). Other Courts that have resentenced defendants who were originally sentenced before the FSA, but whose convictions or sentences were vacated *after* the FSA's enactment, have similarly concluded that the FSA's provisions applied on resentencing. *See id.*; *see also United States v. Figueroa*, --- F.Supp.3d ---, 2021 WL 1191615, *3-4 (S.D.N.Y. 2021) (defendant, whose sentence was vacated after enactment of FSA, was entitled to benefit of changed law upon resentencing); *United States v. Crowe*, 2019 WL 7906591, at *3 (E.D. Mich., Aug. 28, 2019) (FSA applied to defendant's resentencing after his original sentence was vacated in 2019 pursuant to a § 2255 petition).

Moreover, applying the FSA to Howells' resentencing is consistent with and furthers Congress' "goal to end the harsh practice of stacking multiple § 924(c) convictions." *Henry*, 983

F.3d at 218, 225 ("Congress recognized that such lengthy sentences for persons without any prior final § 924(c) convictions were draconian and sought to end the practice."). In 2020, Senators Durbin, Grassley, and Booker, the lead sponsors of the FSA, filed an amicus brief in a similar Ninth Circuit case indicating that Congress specifically intended the FSA to apply at post-FSA sentencing hearings, including when a defendant is resentenced after his initial sentence was vacated and remanded.

Mr. Howell is required to be resentenced by this court on his convictions. As currently positioned, Mr. Howell has not had a sentence imposed, and he is entitled to a full resentencing, rather than a limited proceeding, using the applicable guidelines, recent decisions, and the First Step Act.

                                      Respectfully submitted

                                      */S/ Michael J. DeRiso*

January 21, 2022

                                      MICHAEL J. DERISO, ESQUIRE

                                      1801 Law & Finance Building
                                      429 Fourth Avenue
                                      Pittsburgh, Pennsylvania 15219
                                      Phone: 412.765.1100
                                      Email: deriso_esq2@msn.com
                                      *Counsel to Defendant Deron Howell*