IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 17-260 |
| | ) |
| DERON HOWELL | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM ADDRESSING THE APPLICATION OF § 403 OF THE FIRST STEP ACT TO THE DEFENDANT'S RE-SENTENCING**

AND NOW comes the United States of America, by and through Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Barbara K. Doolittle, Assistant United States Attorney for said district, and, pursuant to the Court's Orders at Doc. Nos. 367 and 369, respectfully files this Sentencing Memorandum addressing the question of whether § 403 of the First Step Act applies to Defendant Howell at his upcoming re-sentencing.

The Government asserts that a defendant in Mr. Howell's position – that is, one who had received a sentence that was imposed as of the date of the enactment of the First Step Act – remains subject to the "stacking provision" of 18 U.S.C. § 924(c) as it existed prior to the Act. Even though Mr. Howell received a right to resentencing following his appeal, the plain text of Section 403(b) of Public Law 115-391 confirms that the amendments to Section 924(c)(1)(C) of Title 18, United States Code[1], should not apply at such a resentencing. Section 403(b) states that the amendments

---

[1] In the instant case, the relevant impact of the amendment made by the First Step Act is that 18 U.S.C. § 924(c)(1)(C)'s prior language stating that "[i]n the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall – (i) be sentenced to a term of imprisonment of not less than 25 years;" was changed to read: "[in the case of violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall – (i) be sentenced to a term of imprisonment of not less than 25 years." Pub. L. No. 115-391 § 403(b) (Dec. 21, 2018). 18 U.S.C. § 924(c)(1)(C)'s language prior to the Fair Sentencing Act was commonly referred to as "the stacking provision."

1

apply only "if a sentence for the offense has not been imposed as of such date of enactment." Mr. Howell received "a sentence" that was "imposed as of [the] date of enactment" of the Act (i.e., December 21, 2018). He is therefore beyond the reach of § 403, notwithstanding his right to a re-sentencing.

The courts of appeals have uniformly agreed that §§ 401 and 403 do not apply on direct appeal if the defendant was sentenced before enactment of the First Step Act. But, as defense counsel points out in his brief (Doc No. 370), they have taken somewhat different approaches regarding defendants originally sentenced before the First Step Act's enactment who are later subject to resentencing. The Sixth and Seventh Circuits have held that § 403 applies at a resentencing where the defendant's original Section 924(c) sentences were vacated ***before*** enactment of the First Step Act, on the theory that such a defendant was not subject to any sentence at the time of enactment. *See United States v. Henry*, 983 F.3d 214, 222–24 (6th Cir. 2020); *United States v. Uriarte*, *975 F.3d 596*, 601–605 (7th Cir. 2020) (en banc); *but see Uriarte*, 975 F.3d at 606–11 (Barrett, J., dissenting). Although defense counsel does not note the timing of the sentences being vacated in *Henry* and *Uriarte* vis-à-vis the passage of the First Step Act, this detail is important. Indeed, as the Seventh Circuit Court of Appeals points out, "sentencing reform is generally prospective." *Uriarte*, 975 F.3d at 598.

The Fourth Circuit has gone a step further, reaching the same conclusion as to a defendant whose sentence was vacated ***after*** enactment of the First Step Act, on the theory that the defendant was not subject to a valid sentence at the time of enactment. *United States v. Bethea*, 841 F. App'x 544, 546–52 (4th Cir. 2021) (unpublished); *see id.* at 550 (concluding that the district court's "reentry of judgment nullified [the] original sentence such that a sentence cannot legally be said to have been imposed until" after the First Step Act's enactment). The Sixth Circuit, however,

declined to take that next step, distinguishing its decision in *Henry* and holding that § 403 does not apply at a resentencing where the defendant's original § 924(c) sentence was vacated ***after*** enactment of the First Step Act. *United States v. Jackson*, 995 F.3d 522, 524–26 (6th Cir. 2021); *see id.* at 525 ("That Jackson was without a sentence for three months in 2019 does not change the fact that as of December 21, 2018, a sentence had been imposed on him.").

The Third Circuit has endorsed the rationale behind the Government's position, albeit in a case where the defendant's § 924(c) sentences were never vacated, such that the defendant was subject to resentencing only on counts other than those affected by § 403. *United States v. Hodge*, 948 F.3d 160, 162–64 (3d Cir. 2020); *see id.* at 163 ("[T]he First Step Act intentionally subjected any defendant who already had any sentence imposed to the original § 924(c) mandatory minimum, even if their sentence was subsequently modified."); *see also id.* at 163 n.4 (reserving the question whether § 403 would apply "to a defendant whose sentence on § 924(c) counts is vacated and remanded for resentencing after the Act's enactment").

The Fifth Circuit's law helpfully clarifies that "[a] sentence is 'imposed' when the district court pronounces it, not when the defendant exhausts his appeals." *United States v. Gomez*, 960 F.3d 173, 177 (5th Cir. 2020). Therefore, with a timeline different from that of *Henry* and *Uriarte* in that Mr. Gomez's sentence was on direct appeal as of December 21, 2018, the appellate court found "no support in the statute or the case law for applying § 403 retroactively to cases pending on direct appeal on the First Step Act's effective date." *Id.* Following the Fifth Circuit's lead, the Eleventh Circuit likewise held that "a sentence is 'imposed,' somewhat unsurprisingly, when the district court imposes it" and rejected the argument that a sentence is not deemed imposed until it is affirmed by the Court of Appeals on direct appeal. *United States v. Smith*, 967 F.3d 1196, 1212 (11th Cir. 2020); see also, *United States v. Asuncion*, 974 F.3d 929, 934 (9th Cir. 2020) (a sentence

is "imposed" when the district court pronounces the sentence and not when it becomes final after appeal). Thus, the Circuit Court went on to decide that § 403 of the First Step Act did not apply to a defendant, like Mr. Howell, whose case was on appeal at the time the law was passed and whose sentence was vacated thereafter. *Id.* at 1213.

This definition of "impose" is also embraced by the Third Circuit. In a case discussing the applicability of the amendments to the penalties associated with violations of narcotics laws under the First Step Act, the Court considered § 401(c) which is analogous to § 403. *See United States v. Aviles*, 938 F.3d 503, 510 (3d Cir. 2019). The defendant's case was on appeal as of December 21, 2018 and he argued that the new law applied to him because his sentence could not be deemed "'imposed' until entry of final judgment by the highest court authorized to review it." *Id.* The Third Circuit rejected this definition:

> "Imposing" sentences is the business of district courts, while courts of appeals are tasked with reviewing them by either affirming or vacating them. Congress did not refer to "finality," and imposition and finality are two different concepts. Congress's use of the word "imposed" thus clearly excludes cases in which a sentencing order has been entered by a district court from the reach of the amendments made by the First Step Act. Accordingly, we hold that that Act does not apply to [the defendant].

*Id.*

With this understanding of when a defendant's sentence is considered "imposed," the Court should reject Mr. Howell's argument that the Third Circuit's general remand for re-sentencing somehow erases the fact of the Court's pronouncement of sentence. *See Jackson*, 995 F.3d at 525 ("vacatur does not erase [a defendant's] prior sentence from history" and "does not retroactively change [his] status in the prior months"). Thus, because his sentence had been imposed before December 21, 2018, the date the First Step Act was enacted, Mr. Howell is not entitled to the relief § 403 of that law provides. He is, therefore, subject to the "stacking provisions" of 18 U.S.C. § 924(c)(1)(C) as they existed prior to the Act.

WHEREFORE, the Government respectfully requests the Court to find that § 403 of the First Step Act does not apply to Mr. Howell's re-sentencing.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*s/ Barbara K. Doolittle*
BARBARA K. DOOLITTLE
Assistant U.S. Attorney
PA ID No. 204338