IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DERON HOWELL,

    Defendant.

Criminal No. 17-260-2
ELECTRONICALLY FILED

**Memorandum Order on Applicability of First Step Act to a Vacated Sentence on a 18 U.S.C. Section 924(c) Conviction**

## I. Introduction

Currently pending before this Court is a pivotal question – whether to apply Section 403(b) of the First Step Act to a resentencing of Defendant where his sentence was vacated by the United States Court of Appeals for the Third Circuit after the enactment of the First Step Act, on convictions, *inter alia*, pursuant 18 U.S.C. Section 924(c)(1)(C). After careful consideration in this matter of first impression, this Court answers that question in the affirmative.

For the reasons set forth herein, after surveying caselaw from the Courts of Appeals and other district courts, this Court finds that Section 403 of the First Step Act is applicable on vacatur, because Defendant currently stands before this Court with no valid legal sentence imposed in this case. Additionally, the Court has considered the *dicta* of the United States Court of Appeals for the Third Circuit in *United States v. Hodge* and *United States v. Aviles*, including footnote numbers 4 and 8 of the respective decisions, wherein the Court of Appeals carved out exceptions to the rulings, for the factual scenario here. *United States v. Hodge*, 948 F.3d 160 (3d Cir. 2020); *United States v. Aviles*, 938 F.3d 503 (3d Cir. 2019). There are differing

1

interpretations of the statutory language by numerous appellate and district courts, with some courts relying upon the interpretations of the legislative intent of Congress, as contained in the Amicus Curie Briefs filed in other litigation (and attached as an exhibit by Defendant). The Court finds that justice so requires that the Court apply the change ("amendment") in statutory law to this Defendant upon resentencing, to avoid vast sentencing disparities among similarly situated Defendants, including Co-Defendants in this case.

## II.    Background

On September 26, 2017, Co-Defendants Deron Howell and Khalil Shelton were charged in a 5-count Indictment with conspiring to possess and possession with intent to distribute less than 50 kilograms of marijuana, conspiracy to commit Hobbs Act robbery, Hobbs Act robbery and using and carrying a firearm during and in relation to a drug trafficking offense (pursuant to 18 U.S.C. Section 924(c)), on August 7, 2017.  Doc. 1.  Following this Court's entry of a Pretrial Order, on February 20, 2018, a 10-count Superseding Indictment was filed by the Government, adding counts against a third Co-Defendant, Octavio Marinello, and three additional counts against Defendants Howell and Shelton, based upon additional criminal conduct on July 27, 2017.  Doc. 69.  This Court entered a new Pretrial Order on March 13, 2018, and on April 9, 2018, Co-Defendant Marinello pled guilty to a charge of using and carrying a firearm in relation to a drug trafficking offense, pursuant to 18 U.S.C. Section 924(c) at Count 7 of the Superseding Indictment.  Doc. 100 and Doc. 117.

After issuing pretrial rulings, the Court reassigned the trial of this matter to visiting Judge, the Honorable Billy Roy Wilson.  Doc. 132.  Judge Wilson presided over the trial of Co-Defendants Howell and Shelton, on May 16-21, 2018, and the jury convicted Defendant Shelton on 5 counts of the Superseding Indictment and Defendant Howell of all 8 counts of the

Superseding Indictment.  Doc. 140.  On October 3, 2018, Judge Wilson sentenced Co-Defendants Shelton and Howell.  While Shelton was sentenced to a total of 192 months imprisonment, Howell was sentenced to a total of 511 months imprisonment (which included an additional consecutive 300 months (25 years pursuant to 18 U.S.C. Section 924(c)) on the basis of the law in effect at that time, which has been commonly termed a "stacking provision.").  Doc. 178 and Doc. 179.

Both Shelton and Howell appealed their convictions and sentences.  Doc. 180 and Doc. 181.  On May 8, 2019, the United States Court of Appeals for the Third Circuit reversed and remanded Shelton's case for an evidentiary hearing and new trial.  Doc. 217.  The retrial of Shelton was then reassigned to this Court and following a hearing and the issuance of a denial of a suppression motion, Shelton ultimately pled guilty to Count 5 of the Superseding Indictment, namely using or carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. Section 924(c).  Doc. 274.  On August 10, 2020, this Court sentenced Shelton to a 72 month term of imprisonment and 5 years of supervised release, and on December 1, 2020, this Court sentenced Marinello to a 30 month term of probation.  Doc. 331 and Doc. 351.

Meanwhile, with respect to Howell's appeal, on August 18, 2021, the United States Court of Appeals for the Third Circuit issued a non-precedential Opinion and Mandate affirming Howell's convictions but vacating his sentence on the basis of incorrect Sentencing Guideline calculations.  Doc. 359-1.  In the Opinion, there was no discussion of the First Step Act or its application, because those issues were not before the Court of Appeals.  The Court of Appeals found that the Sentencing Guideline range (and the Court's incorrect calculation of the "grouping"), constituted "plain error," and "that the sentencing error affected his substantial rights and will seriously affect the fairness, integrity, and public reputation of judicial

proceedings." Doc. 359-1. Therefore, the Court of Appeals vacated the sentence and remanded for the Court to conduct a sentencing proceeding anew.

While Defendant's appeal was pending, the First Step Act, a landmark piece of bi-partisan legislation that was "meant to improve criminal justice outcomes, reduce the size of the federal prison population and create and maintain public safety, was signed into law by President Donald Trump on December 18, 2018." https://www.bop.gov/inmates/fsa/overview.jsp  Of particular importance here is Section 403 of the First Step Act, which eliminates the "stacking provision" of 25 years of consecutive imprisonment for first time offender sentencings pursuant to 18 U.S.C. Section 924(c).

Upon remand, on October 12, 2021, the Court conducted a status conference at which the parties have appropriately sought a preliminary ruling from this Court as to whether the Amendment to 18 U.S.C. Section 924(c), which took effect over three years ago, as set forth in Section 403(b) of the First Step Act, will apply to Defendant Howell's resentencing.   The implications of this Court's decision on this issue will significantly impact the sentencing ranges of Defendant, with a delta of approximately 25 years in his potential sentence.

**III.    Discussion**

The First Step Act of 2018 included a "Clarification of Section 924(c)" Pub. L. No. 115-391, 132 Stat. 5194 . Specifically, Section 403(a) of the First Step Act amended Section 924(c)(1)(C) to mandate increased punishment **only** in the case of a "violation of this subsection that occurs after a prior conviction under this subsection has become final."  Quite simply, Congress amended the law so that contemporaneous Section 924(c) convictions no longer carry a 25-year mandatory minimum sentence.  First Step Act of 2018, § 403(a), Pub. L. No. 115-391, 132 Stat. 5194, 5221–5222 (Dec. 21, 2018).

Since that time, Courts have defined the parameters of the Act with varied conclusions. The language of Section 403(b) of the First Step Act, entitled "Applicability to Pending Cases," states: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  It is the "Applicability" portion of the First Step Act that Courts have interpreted, often with differing analysis.

    A.  **Summary of Caselaw – Sister Circuit Courts of Appeal and District Courts.**

The Courts of Appeals for the Fourth and Seventh Circuits have held that the First Step Act applies during resentencing after the original sentence was vacated, under certain circumstances, while the Second Circuit has held to the contrary.  *See United States v. Bethea*, 841 Fed.Appx. 544, 549–50 (4th Cir. 2021)(unpublished), *United States v. Uriarte*, 975 F.3d 596 (7th Cir. 2020)(*en banc*);  *But see, United States v Eldridge*, 2 F.4th 27 (2nd Cir. 2021).  The Court of Appeals for the Sixth Circuit has a true split of authority, with one decision in favor of First Step Act application, *United States v. Henry*, 983 F.3d 214, 217 (6th Cir. 2020), and one against it. *United States v. Jackson*, 995 F.3d 522 (6th Cir. 2021) (cert. granted).  The Supreme Court of the United States has granted certiorari in *Jackson*.  At least two district courts have applied the First Step Act at resentencing.  *United States v. Figueroa*, --- F.Supp.3d ---, 2021 WL 1191615, *3-4 (S.D.N.Y. 2021) (defendant, whose sentence was vacated after enactment of First Step Act was entitled to benefit of changed law upon resentencing); *United States v. Crowe*, 2019 WL 7906591, at *3 (E.D. Mich., Aug. 28, 2019) (First Step Act applied to defendant's resentencing after his original sentence was vacated in 2019 pursuant to a § 2255 petition).

B.   **The rulings of the Court of Appeals for the Third Circuit in *Hodge* and *Aviles* are limited.**

This Court begins its search for applicable precedential authority, as appropriate, in the United States Court of Appeals for the Third Circuit, where, in *United States v. Hodge*, the Court of Appeals considered whether a District Court in the United States Virgin Island's post First Step Act modification of Hodge's territorial sentence allowed Hodge to invoke the reduced Section 924(c) mandatory minimum on a limited remand.  948 F.3d 160.  Following an initial direct appeal, which left intact (affirmed) the federal counts of conviction and the sentence, and vacated only the territorial charges for resentencing, upon remand for said resentencing, the District Court held that the First Step Act did not apply.  After defendant again appealed, the Court of Appeals for the Third Circuit held that the First Step Act's reduced mandatory minimum sentence did not apply to defendant and affirmed the District Court.

The factual and procedural history of *Hodge* is as follows.  In 2014, Hodge was charged in the District of the Virgin Islands with three Section 924(c) counts after he shot two armored-vehicle workers and stole $33,500, along with other federal and territorial crimes.  Following a jury trial, Hodge was found guilty of two Section 924(c) counts, along with several other federal and territorial crimes, and in 2015, the District Court sentenced Hodge to an aggregate 420 months imprisonment on the two Section 924(c) counts, the pre-First Step Act mandatory minimum for first-time Section 924(c) offenders convicted of two counts involving discharging a firearm, plus another 310 months on the other counts.

On appeal, the Court of Appeals framed the issue for its consideration as follows:  "We must decide whether the District Court's post-First Step Act modification of Hodge's territorial sentence allows Hodge to invoke the reduced Section 924(c) mandatory minimum."  The Court

of Appeals answered that question in the negative and affirmed the District Court's conclusion that the First Step Act did not apply to the resentencing.

The Court of Appeals in *Hodge*, also citing its prior decision in *United States v. Aviles*, 938 F.3d 503 (3d Cir. 2019), was careful to limit its holdings to the facts and procedural posture before it, which are not analogous to the present case. Critically to the matter before this Court, in footnote number 4 of the *Hodge* opinion, the Court of Appeals specifically excluded this exact scenario from its analysis, when it stated: "Because we resolve only the issue presented, we express no opinion as to whether § 403 applies to a defendant whose sentence on Section 924(c) counts is vacated and remanded for resentencing after the Act's enactment." *Id.* at fn4, citing *See Aviles*, 938 F.3d at 515 n.8 (leaving this question open).

Unlike the case *sub judice*, which is a general vacatur and remand on resentencing (including on the Section 924(c) convictions) based upon errors made in the grouping of the offenses and incorrect calculations of the applicable Sentencing Guideline Range, the Court of Appeals affirmed the conviction and judgment on the federal counts in *Hodge*, and reversed and remanded on the territorial charges only (which are akin to state charges that are permitted to be brought in the territory of the U.S. Virgin Islands ). That distinction matters, because in *Hodge*, the federal sentence was not reversed or vacated upon appeal and was the same upon remand, whereas, here, this Court is bound to begin the sentencing procedure anew, based upon incorrect Guideline calculations and the Court of Appeals statements that the Sentencing Guideline calculation was entered in "plain error," thus affecting Defendant's "substantive rights." Doc. 359-1.

In *Hodge*, the Court stated that a sentence is considered "imposed" when the District Court imposes it, but the Court of Appeals also relies upon its prior Opinion in *United States v.*

7

*Aviles*, which related to Section 401 of the First Step Act (note that Section 403 language is identical, however). *United States v. Aviles*, 938 F.3d 503 (3d. Cir. 2019). Going back to the Opinion in *Aviles*, again in a footnote (fn 8), the Court of Appeals for the Third Circuit also limited its analysis of the First Step Act to the facts before it. Interestingly though, in footnote number 8, the Court of Appeals stated as follows, and cited two cases which held the First Step Act was applicable on resentencing:

> We do not address the issue, not raised or briefed before us, that could arise on remand, namely, whether the First Step Act will apply on resentencing. *See, e.g. United States v. Jackson*, 2019 WL 2524786, at *1 (N.D. Ohio June 18, 2019) *appeal pending*, No. 19-3711 (6th Cir. 2019)(holding that the amendments made through the First Step Act applies to a defendant on resentencing, even though he was originally sentenced before the enactment of the Act); *United States v. Uriarte*, 2019 WL 1858516, at *4 (N.D. Ill. April 25, 2019) (holding the same).

*United States v. Aviles*, 938 F.3d 503, 515 at fn. 8 (3d Cir. 2019).

The Court of Appeals issued the Opinions in *Aviles* and *Hodge* in 2019 and 2021, respectively, and the facts here are expressly excluded from those holdings. Where, as here, the Court has *dicta* to rely on to surmise how the Court of Appeals might rule if faced with this issue, the Court cannot help but glean something from the fact that both *Jackson* and *Uriarte*, at least at the time they were cited in the footnote, were cases that held that the First Step Act applies on resentencing (*Jackson*, as discussed below, was reversed on appeal, and *Uriarte* was upheld on appeal *en banc*).

### C. Persuasive Authority from other Circuit Courts of Appeals

As mentioned above, numerous other Courts of Appeal have set out to define the parameters of the First Step Act. While some Courts of Appeal have found the language of the statute to be clear and unambiguous, others have concluded the opposite, and have analyzed

8

legislative intent as set forth in the filing of Amicus Curie Briefs of the senators who drafted the legislation.

In *United States v. Bethea*, 841 Fed. Appx. 544, 549–50 (4th Cir. 2021)(unpublished), the Court of Appeals for the Fourth Circuit held in the context of a Section 2255 claim, that the First Step Act applies to a defendant whose sentence was vacated after the First Step Act was enacted. The Court of Appeals in *Bethea* interpreted Section 401 of the First Step Act, which includes an identical applicability provision to Section 403, to cover a defendant whose sentence had been vacated after the First Step Act's enactment. Of particular note, the Court of Appeals stated that Defendant's "sentence is best understood as 'imposed' for purposes of the FSA on the date of its reimposition, because the district court's vacatur rendered his 2015 sentence a legal nullity." *Id.* at 549. This Court finds that the decision in *Bethea* compelling in this case, and reiterates the following:

> Therefore, the requirement that "a sentence for the offense [have] not been imposed as of such date of enactment," FSA § 401(c), 132 Stat. at 5221 (emphasis added), is best understood to preclude an appellant from using the FSA to challenge a pre-FSA sentence on appeal—a reading that comports with our prior case law. *See Brunson*, 968 F.3d at 335. Indeed, Congress "elected not to reopen sentences in place on the date of enactment." *Uriarte*, 975 F.3d at 606. **But when individuals, like Bethea, have their original sentence nullified by the district court, it is not the FSA that reopens their sentence. Any new sentence imposed after enactment must comply with the FSA's requirements.** Congress designed Section 401 to reduce mandatory drug sentences. This Court's construction of Section 401(c) gives effect to the congressional intent that "its new policy determination effectively control[s] *every* sentence after" the date of enactment. *See id.* (emphasis added).[9]

*U.S. v. Bethea*, 841 Fed. Appx. 544, 551 (4th Cir. 2021)(unpublished) (Footnote 9 discusses the amicus curie brief filed by Booker, Grassley, etc.)(emphasis added).

In *United States v. Henry*, 983 F.3d 214, 217 (6th Cir. 2020), the Court of Appeals for the Sixth Circuit held that the First Step Act is applicable to defendants whose sentencings were remanded prior to enactment but not yet resentenced at the time of enactment. Although the

9

procedural posture is distinctive from the present case, there is a similarity that is worth noting, that Defendant in *Henry* and in this case both had sentencings that were vacated and remanded, and the resentencing occurred (or will occur here) after the enactment of the First Step Act. This Court finds particularly interesting the discussion of the Court of Appeals for the Sixth Circuit regarding its view of the Congressional decision reflecting a compromise between retroactivity and full prospectivity of the Act, when it explained:

> Sentencing disparities are the consequence of Congress's decision to refrain from making § 403 fully retroactive. Given that some disparities will exist in any event, they should not prevent [defendant]from benefiting from First Step Act § 403. As the Supreme Court noted in *Dorsey v. United States*, 567 U.S. 260, 280, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), "disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences" without making these changes fully retroactive. Congress could have made § 403 fully retroactive and permitted district courts to reopen the proceedings of eligible defendants with multiple Section 924(c) convictions.
>
> In the next section of the First Step Act, Congress made the Fair Sentencing Act, which reduced crack cocaine sentencing disparities, fully retroactive. First Step Act § 404. But Congress did not choose that path for § 403. At the same time, Congress did not make § 403 fully prospective. Instead, Congress chose the middle path by drafting § 403(b) to ensure district courts ended stacking with the First Step Act's enactment. Consistent with Congress's ameliorative goal in passing the First Step Act, we should interpret this provision in favor of inclusion. We do so here, based on the plain language of § 403, as well as the intent of Congress and the rule of lenity.

*Id.* at 228.

Less than a year after *Henry*, in a split of authority in *United States v. Jackson*, 995 F.3d 522 (6th Cir. 2021) (cert. granted) the Court of Appeals for the Sixth Circuit reversed course from its holding in *Henry* and the majority found that the First Step Act was inapplicable on a resentencing. The majority explained that in *Henry*, the case had been remanded for resentencing prior to the enactment of the First Step Act and that equated to having never been sentenced. Respectfully, this Court struggles to follow the logic of the majority in *Jackson*, and

instead is inclined to follow the dissent in *Jackson*:

> In *Henry*, we did not reach the question of whether First Step Act § 403 applied to defendants whose sentences were vacated after the First Step Act's enactment because that question was not before us. 983 F.3d at 222 & n.2. Nonetheless, the majority reads *Henry*'s statement that "[t]he better reading of 'a sentence' requires the defendant to have a valid sentence at the time of the First Step Act's enactment, not a sentence *at some point*" to preclude Jackson from relief under First Step Act § 403. (Maj. Op. at 525–26) (quoting 983 F.3d at 222). To the extent that *Henry* is relevant to Jackson's case, it supports relief. We emphasized in *Henry* that § 403 does not apply if the defendant has "a *valid* sentence at the time of the First Step Act's enactment." 983 F.3d at 222 (emphasis added). At the time of the First Step Act's enactment, Jackson did not have a legally valid sentence. Only when the district court resentenced him in 2019—after the First Step Act's enactment—did Jackson have a legally valid sentence.

*Id.* at 527-528.

Defendant's sentence in this case, including on the Section 924(c) counts, having been vacated, dictates a finding that Defendant did not a valid sentence at the time of the First Step Act's enactment. Accordingly, the First Step Act, which is the valid statutory law in effect at this time, is applicable to the resentence occurring post enactment, after the 924(c) sentence was vacated.

In *United States v. Uriarte*, 975 F.3d 596 (7th Cir. 2020) (*en banc*), a case that incidentally was cited (at the District Court level) by the Court of Appeals for the Third Circuit in footnote number 8 in *Aviles* (as quoted by this Court above), the Court of Appeals for the Seventh Circuit, sitting *en banc*, held that the First Step Act applies to a defendant whose sentence had been vacated and remanded prior to the First Step Act's enactment but who had not yet been resentenced at the time of enactment. In *Uriarte,* the Court of Appeals explained that when a sentence is vacated, it is regarded as a "nullity". *Id. citing Cardena*, 842 F.3d 1000. This Court finds the following discussion of applicable Supreme Court precedent and

Congressional intent, to be interesting:

> As the Supreme Court noted in *Dorsey*, and as we noted in *Pierson*, any reduction of criminal penalties will involve difficult line drawing with respect to pending cases. *Dorsey*, 567 U.S. at 280, 132 S.Ct. 2321; *United States v. Pierson*, 925 F.3d 913, 927 (7th Cir. 2019), vacated on other grounds, 140 S. Ct. 1291, 206 L.Ed.2d 373 (2020). Here, Congress, attempting to cure what it saw as an inappropriate sentencing structure, determined that its revision should control any situation where a district court still had to impose a sentence. Considering that Congress had determined that the earlier sentencing structure resulted in sentences that were too long and unfair, it is difficult to fault Congress for ensuring that those sentences would not be imposed on defendants yet to be sentenced. It wanted the unfair practice stopped upon enactment. Period.
>
> Nor should we ignore the Supreme Court's discussion in *Dorsey* that Congress generally tries to avoid radically different sentences for individuals who each engaged in the same criminal conduct ... and were sentenced at the same time. *Dorsey*, 567 U.S. at 276-77, 132 S.Ct. 2321 (emphasis added). In citing the Supreme Court of the United States ruling in *Pepper v. United States*, 562 U.S. 476, 508, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011) wherein it held that vacatur "wipes the slate clean."
>
> There is no reason to find that Congress excluded from its remedy pre-Act offenders facing plenary resentencing. Pre-Act offenders whose sentences have been vacated are similarly situated to individuals who have never been sentenced. The text of the Act is silent as to any intent of Congress to inflict on them the exact harsh and expensive mandatory minimum sentences that Section 403 restricts and reduces. That result would be fundamentally at odds with the First Step Act's ameliorative nature. When construing a statute, courts ought not deprive it of the obvious meaning intended by Congress, nor abandon common sense. *United States v. Bhutani,* 266 F.3d 661, 666 (7th Cir. 2001) (citation omitted).

*Id.* at 603.

To be clear, the Court of Appeals for the Third Circuit in *Hodge* and *Aviles*, did not address any ambiguity in the language of Section 403, and moreover, did not address legislative intent. Therefore, this Court does not rely upon the above analysis of legislative intent set forth in *Uriarte*, or the Amicus Brief exhibit filed on the docket in Howell for another case pending in the 9th Circuit Court of Appeals. Doc. 459-1.

Instead, in reaching this decision, this Court follows the holding of the Court of Appeals for the Fourth Circuit in *Bethea*, the *en banc* Court of Appeals for the Seventh Circuit in *Uriarte*, the conclusions of the Court of Appeals for the Sixth Circuit in *Henry*, and the dissent in *Jackson*.  Moreover, this Court recognizes the ameliorative nature of the First Step Act, and all sentences by this Court over the last three years to a similarly situated defendant with a Section 924(c) conviction, has realized the inclusive effects of the First Step Act.  Theoretically, this Court could sentence two Defendants on the same day for sentencings on the same crimes and if this Court were to decline to apply Section 403 of the First Step Act to this Defendant, he would be sentenced to an additional 25 years of prison time where both Defendants would currently stand before this Court with no legal sentence imposed.  Even more so here, where the Court of Appeals vacated the entire sentence and generally remanded the case for resentencing, including on the Section 924(c) convictions.  The Court finds that it would be unjust and punitive not to apply the Amendment as contained in the First Step Act, where Howell's entire sentence has been vacated for a resentencing in this matter.  Finally, the Court recalls the oft-cited Supreme Court precedent in *Pepper* that vacatur of a sentence "wipes the slate clean," legally.  Thus, this Court begins anew the sentencing process.  Consistent with this Memorandum Order, the United States Probation Office shall file a Presentence Investigation Report/Addendum in due course.  The Court will set a resentencing hearing by separate Order of Court.

SO ORDERED this 15th day of February, 2022.

s/Arthur J. Schwab
Arthur J. Schwab