IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-260 |
| | ) | |
| DERON HOWELL | ) | |

**<u>GOVERNMENT'S SENTENCING MEMORANDUM</u>**

AND NOW comes the United States of America, by and through Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Barbara K. Doolittle, Assistant United States Attorney for said district, and respectfully files this Sentencing Memorandum.

Following a conviction at trial of seven crimes related to the commission of two violent Hobbs Act Robberies, as well as felony possession of marijuana and the possession of a firearm in furtherance of a drug trafficking crime, Deron Howell was sentenced by this Court to a term of imprisonment of 511 months' incarceration. In preparation for that sentencing, the Government filed a Sentencing Memorandum at Doc. No. 174 in which it argued that a sentence at the top of the defendant's applicable guideline range was appropriate for the "calculating and violent nature of the crimes for which" the defendant stands convicted. That pleading is incorporated as if fully set forth herein as it pertains to Howell.

Specifically, the Government previously argued that a six-point enhancement to the offense level should be applied because the defendant caused a permanent or life-threatening bodily jury under U.S.S.G. § 2B3.1(b)(3)(C); that a two-level enhancement should apply because the victims of the robberies Howell committed were restrained per § 2B3.1(b)(4)(B); and that a leadership enhancement of two levels should apply under § 3B1.1(c). The Government continues to believe these enhancements should apply. This would result in an overall offense level of 31. With an

1

undisputed Criminal History Category of II, this would result in a guideline range sentence of 121-151 months.  This range, of course, is augmented by the mandatory consecutive 10 years of imprisonment due to the defendant's two convictions for violations of 18 U.S.C. § 924(c) under the Court's recent ruling at Doc. No. 373.

The Government understands the Court's decision regarding the applicability of the First Step Act to the defendant's sentencing in this case, and notes for the record that its position remains that the Act does not apply to this re-sentencing.  Based on the Court's ruling, and on the Second Addendum to the Presentence Report filed Doc. No. 378, the Government nevertheless continues to aver that a sentence at the high end of the Guideline Range, that is, 271 months, is appropriate in this case.

    Respectfully submitted,

    CINDY K. CHUNG
    United States Attorney

    *s/Barbara K. Doolittle*
    BARBARA K. DOOLITTLE
    Assistant U.S. Attorney
    PA ID No. 204338